IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2019 JUN 11  P 2: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIMOTHY A. WALLACE,<br>individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>SOUTHERN CABLE SYSTEMS, LLC;<br>And JERRY RUSSELL TYLER,<br><br>        Defendants. | Miscellaneous Case No.:<br>2:19-mc- 3874-WKW |

## ALLIED EASTERN INDEMNITY COMPANY'S MOTION TO QUASH PLAINTIFFS' SUBPOENA

Allied Eastern Indemnity Company, a non-party to the proceedings entitled *Timothy A. Wallace, individually, and on behalf of all others similarly situated v. Southern Cable Systems, LLC and Jerry Russell Tyler*, Case No. 3:16CV209-RV/CJK (N.D. Fla.), by and through undersigned counsel, hereby respectfully moves this Court for the entry of an Order pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the Plaintiffs' subpoena for deposition testimony or, in the alternative, for entry of an Order requiring the subpoena to comply with the geographical limits specified in Rule 45(c)(1)(A). As grounds for the Motion to Quash, the non-party states as follows:

1.      On June 3, 2019, Allied Eastern Indemnity Company was served with a subpoena commanding that its corporate representative(s) appear for deposition on June 28, 2019 in Montgomery, Alabama (Subpoena, Exhibit A).

2.   Rule 45(c) of the Federal Rules of Civil Procedure provides that "a subpoena may command a person [who is not a party or party's officer] to attend a deposition only within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Under Rule 45(d)(3)(A)(ii), a subpoena must be quashed if its compliance requires the non-party to travel beyond the geographical limits specified in Rule 45(c). Fed. R. Civ. P. 45(d)(3)(A)(ii).

3.   Allied Eastern Indemnity Company is not a party to this action. The Allied Eastern Indemnity Company representatives who would be responsive to the subpoena do not reside, are not employed and do not regularly transact business in person within 100 miles of Montgomery, Alabama.

4.   Ms. Christine Plummer is the person with knowledge to testify in response to Topics No. 1, No. 2, and No. 3. Mrs. Plummer is employed in Franklin, Tennessee (3000 Meridian Blvd, Ste. 400, Franklin, TN 37067) and resides in Manchester, Tennessee (Affidavit of Christine Plummer, Exhibit B). The subpoena seeks to compel her to travel over 250 miles from her places of business and residence to Montgomery, Alabama (25 S. Court Street, Montgomery, AL 36104). Ms. Becky Hillhouse is a person with knowledge to testify about Topic No. 3 and No. 4. Ms. Becky Hillhouse is the person with knowledge to testify in response to Topics No. 4 and No. 5. Mrs. Hillhouse is employed in Madison, Mississippi (116 One Madison Plaza, Ste. 1100, Madison, MS 39110) and resides in Madison, Mississippi (Affidavit of Becky Hillhouse, Exhibit C). The subpoena seeks to compel her to travel over 250 miles from her places of business and residence to Montgomery, Alabama (25 S. Court Street, Montgomery, AL 36104). In

order to comply with the Plaintiffs' subpoena, Ms. Plummer and Ms. Hillhouse will be required to travel distances far beyond the limit specified in Rule 45(c). As such, the subpoena should be quashed.

5. In the alternative, Allied Eastern Indemnity Company respectfully requests that the Court issue an Order modifying the subpoena to comply with the geographical limits prescribed in Rule 45(c). Specifically, Allied Eastern Indemnity Company respectfully requests an Order requiring the deposition of Ms. Plummer be taken in Franklin, Tennessee and the deposition of Ms. Hillhouse be taken in Madison, Mississippi.

6. Allied Eastern Indemnity Company objects to the subpoena issued by Plaintiffs on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In filing this Motion, Allied Eastern Indemnity Company reserves the right to object to the breadth and relevance of the topics for which the subpoena seeks testimony.

WHEREFORE, PREMISES CONSIDERED, nonparty Allied Eastern Indemnity Company, respectfully requests this Court enter an Order quashing the subpoena for deposition testimony or, in the alternative, for entry of an Order requiring the subpoena to comply with the geographical limits specified in Rule 45(c).

Respectfully Submitted,

/s/ Madeleine Greskovich
Madeleine Greskovich (ASB-1703-U11Q)
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209

Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: msg@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 11th day of June, 2019, served a copy of the Motion to Quash Plaintiffs' Subpoena on all counsel by e-mail and mailing same to each by U.S. Mail, postage prepaid and properly addressed to the following:

Jeremiah J. Talbott
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Florida 32503

Justin Williams
Tanner & Guin, LLC
P.O. Box 3206
Tuscaloosa, AL 35403

_____
OF COUNSEL

{B3177292}                                    4